UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-00703-MMD-GWF<br><br>ORDER |

## I. SUMMARY

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiff Nationstar Mortgage, LLC's ("Nationstar") motion for summary judgment (ECF No. 60) and Defendant SFR Investments Pool 1, LLC's ("SFR") motion for summary judgment (ECF No. 65). The Court has reviewed the various replies and responses thereto. (ECF Nos. 70, 71, 72, 74, 75.) The Court has also considered Nationstar's motion for leave to file supplemental briefing (ECF No. 77), SFR's response (ECF No. 78), and Nationstar's reply (ECF No. 79). For the following reasons, the Court grants Nationstar's motion for leave to file supplemental briefing, denies Nationstar's motion for summary judgment, and grants SFR's motion for summary judgment.

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

Adrian and Mercedes Ocan ("Borrowers") purchased real property ("Property") within Boulder Creek Homeowners Association ("HOA") on March 24, 2006.[1] (ECF No. 60

---

[1] The Property is located at 632 Blue Crystal Creek Road in Henderson, Nevada. (ECF No. 60 at 2; ECF No. 65 at 3.)

at 2; ECF No. 65 at 4.) Borrowers executed a Deed of Trust ("DOT") and Note for $425,228. (ECF No. 60 at 2; ECF No. 65 at 4.) The DOT was recorded on March 29, 2006. (ECF No. 60 at 2; ECF No. 65 at 4.)

Borrowers filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Nevada, on June 4, 2010. (ECF No. 77-1 at 22.) The HOA caused to be recorded a notice of delinquent assessment against the Property on January 27, 2011. (*Id.*) The HOA then caused to be recorded a notice of default and election to sell under the HOA's lien against the Property, although the Property was not sold until several years later. (*Id.*; *see also* ECF No. 60 at 3; ECF No. 65 at 6.) The Chapter 7 trustee was discharged and the bankruptcy case was closed on October 14, 2011. (*Id.*)

Nationstar was assigned the DOT on August 16, 2013. (ECF No. 60 at 3; ECF No. 65 at 5.)

The HOA caused to be recorded a notice of sale on February 19, 2014. (ECF No. 60 at 3; ECF No. 65 at 5.) The HOA foreclosed and sold the property to SFR on March 14, 2014, for $21,000 ("HOA Sale"). (ECF No. 60 at 3.)

Nationstar initiated this action on March 30, 2016 (ECF No. 1) and filed the First Amended Complaint ("FAC") on July 10, 2017 (ECF No. 22). The FAC asserts the following claims: (1) quiet title/declaratory relief against SFR and the HOA; (2) unjust enrichment against SFR; (3) wrongful foreclosure against the HOA, Nevada Association Services, Inc. ("HOA Trustee"), and unnamed defendants; (4) negligence against the HOA, HOA Trustee, and unnamed defendants; (5) negligence per se against the HOA, HOA Trustee, and unnamed defendants; (6) breach of contract against the HOA and unnamed defendants; (7) misrepresentation against the HOA; and (8) tortious interference with contract against all Defendants. (*Id.* at 11-19.) Plaintiff seeks a declaration that the first DOT survived the HOA Sale or that the HOA Sale was invalid. (*Id.* at 19.)

SFR asserted the following counterclaims: (1) declaratory relief/quiet title; (2) preliminary and permanent injunction. (ECF No. 26 at 17-18.) SFR seeks a declaration that the HOA Sale was valid and that SFR is the rightful owner of the Property. (*Id.* at 18.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV. NATIONSTAR'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 60)**

Nationstar moves for summary judgment on the grounds that (1) the statute governing the HOA Sale—NRS § 116.3116 *et seq.*—is facially unconstitutional; (2) the sales price was inadequate and the circumstances of the HOA Sale were unfair; and (3) the HOA Sale is void because it was noticed in violation of the automatic stay in the Borrowers' bankruptcy case. SFR opposes each of these arguments and also argues that Nationstar lacks standing to assert some of its claims. The Court rejects SFR's standing arguments and denies Nationstar's motion for summary judgment on the merits.

**A. Standing**

SFR argues that Nationstar lacks standing in two ways. First, SFR seems to argue that Nationstar lacks prudential standing to pursue its quiet title claim. (*See* ECF No. 72 at 10 ("Nothing in *Bourne Valley* relieves [Nationstar] of its obligation to prove it is the proper party to be challenging the Association foreclosure sale.").) Prudential standing "encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1179 (D. Nev. 2015) (quoting *United States v. Lazarenko*, 476 F.3d 642, 649-50 (9th Cir. 2007)). "The question of prudential standing is often resolved by the nature and source of the claim. Essentially, the standing question in such cases is whether the [statute] on which the claim [relies] properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Id.* (quoting *The Wilderness Soc'y v. Kane County*, 632 F.3d 1162, 1169 (10th Cir. 2011)).

SFR argues that Nationstar lacks prudential standing because Nationstar has failed to demonstrate that it is currently entitled to enforce the DOT and Note. (*See* ECF No. 72 at 10.) Nationstar addresses the Note first, arguing that it need not show entitlement to

4

enforce the Note in order to obtain a declaration that the DOT survived the HOA foreclosure sale. (ECF No. 74 at 4.) The Court agrees—whether Nationstar has authority to enforce the Note is irrelevant to its quiet title claim. Nationstar also addresses the DOT, arguing that it has introduced sufficient evidence—namely, the DOT and the relevant assignments—to demonstrate it is the current recorded beneficiary of the DOT. (ECF No. 74 at 5 (citing ECF Nos. 60-1, 60-2, 60-3).) Nationstar also notes that SFR has not produced any evidence to the contrary. (*Id.* at 4.) The Court agrees with Nationstar that there is no genuine dispute as to whether Nationstar is the current recorded beneficiary of the DOT. Accordingly, the Court rejects SFR's argument that Nationstar lacks prudential standing to pursue its quiet title claim.

Second, SFR argues that Nationstar lacks Article III standing to raise a procedural due process challenge to the HOA Sale because it received actual notice of the sale. (ECF No. 72 at 19.) The Court need not decide this issue because Nationstar's procedural due process argument relies on outdated authority, as discussed *infra* Section IV(B).

### B. *Bourne Valley*

Nationstar first argues that the HOA Sale did not extinguish the DOT because the Nevada statute governing the HOA Sale—NRS § 116.3116—is facially unconstitutional. (ECF No. 60 at 4.) But Nationstar's argument is based solely on a Ninth Circuit decision that no longer controls: *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). There, the Ninth Circuit found that NRS § 116.3116 violated mortgage lenders' due process rights by requiring mortgage lenders to "opt in" to receive notice of an HOA's intent to foreclose on a lien. *Id.* at 1158. The appellee argued that NRS § 116.3116 actually mandated notice to all junior lienholders—not just those who opted in—by incorporating the notice provision of NRS § 107.090, but the Ninth Circuit expressly rejected that argument. *Id.* at 1159. The Ninth Circuit reasoned that reading the notice provision of NRS § 107.090 into NRS § 116.3116 "would impermissibly render the express notice provisions of Chapter 116 entirely superfluous." *Id.*

///

The Nevada Supreme Court had a different take on the interplay between NRS § 116.3116 and NRS § 107.090. In *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018), the court determined that NRS § 116.3116 in fact did incorporate the mandatory notice provisions of NRS § 107.090. Thus, HOAs were required to provide foreclosure notices to all junior lienholders, even those who did not "opt in."

The Nevada Supreme Court has final say on interpretation of Nevada law, *Christiana Tr. v. SFR Investments Pool 1, LLC*, No. 2:16-CV-00684-GMN-CWH, 2018 WL 6603643, at *3 (D. Nev. Dec. 17, 2018) (citing *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006)), and *Bourne Valley* "is only binding in the absence of any subsequent indication from the [Nevada] courts that [the Ninth Circuit's] interpretation was incorrect," *id.* (alterations in original) (citing *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)). Given that the Nevada Supreme Court's decision eliminated the basis of the Ninth Circuit's decision, "*Bourne Valley* is no longer controlling authority with respect to NRS 116.3116's notice provisions and, consequently, its finding of facial unconstitutionality." *Id.* The Court thus rejects Nationstar's argument because it is based solely on *Bourne Valley* rather than any independent theory of unconstitutionality.

### C. Equitable Relief

Nationstar further argues that it is entitled to summary judgment because the sales price was inadequate and the circumstances of the HOA Sale were unfair. (ECF No. 60 at 9.) The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

Adequacy of sales price aside, Nationstar has not demonstrated fraud, unfairness or oppression. Nationstar argues that the sale was unfair because the HOA represented in the covenants, conditions, and restrictions ("CC&Rs") that the foreclosure sale would not extinguish the first DOT. (ECF No. 60 at 10-11.) But the HOA correctly argues that a mortgage protection clause alone is insufficient evidence of unfairness to warrant setting aside an HOA foreclosure sale. (ECF No. 71 at 5 (citing *Bank of New York Mellon v. SFR Investments Pool 1, LLC*, No. 2:17-CV-256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018)).) Given that Nationstar has asserted nothing more than the existence of a mortgage protection clause, the Court finds that Nationstar has not demonstrated fraud, unfairness, or oppression that would justify setting aside the HOA Sale.

### D. Violation of Automatic Stay

Nationstar requested leave to file supplemental briefing (ECF No. 77), and SFR opposed the arguments raised therein on the merits rather than on any procedural ground. (*See* ECF No. 78.) Accordingly, the Court grants Nationstar's request and considers Nationstar's additional argument.

Nationstar argues that the HOA Sale was void *ab initio* because the HOA violated the automatic stay in the Borrowers' bankruptcy action when it recorded the HOA sale notices. (ECF No. 77 at 2.) However, SFR correctly argues that Nationstar lacks standing to give legal effect to violations of the automatic stay. *See U.S. Bank Nat'l Ass'n as Tr. for Certificate Holders of Haborview Mortg. Loan Tr. 2005-08 v. Heritage Estates Homeowners Ass'n*, No. 2:16-CV-01385-GMN-CWH, 2018 WL 4623151, at *4 (D. Nev. Sept. 26, 2018). "The automatic stay provisions of the bankruptcy code are designed to protect debtors only, and do not afford non-parties to the bankruptcy case any rights." *Id.* (citations omitted). Nationstar's relationship with the bankruptcy proceedings—that the debtors also possessed an interest in the Property for which Nationstar seeks to quiet title—is "insufficient to confer standing." *Id.* (citation omitted).

Accordingly, the Court will deny Nationstar's motion for summary judgment.

///

## V. SFR'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 65)

SFR argues that it is entitled to summary judgment because the DOT was extinguished by the HOA's non-judicial foreclosure sale under NRS § 116.3116 *et seq.* (ECF No. 65 at 7, 15.) Nationstar's arguments in response are predicated on *Bourne Valley*, but *Bourne Valley* is no longer controlling authority, as discussed *supra* Section IV(B).

Accordingly, the Court grants SFR's motion for summary judgment.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Nationstar's motion for summary judgment (ECF No. 60) is denied.

It is further ordered that SFR's motion for summary judgment (ECF No. 65) is granted.

It is further ordered that Nationstar's motion for leave to file supplemental memorandum (ECF No. 77) is granted.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 15th day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE